Filed 6/11/15  Victor Treatment Centers v. Troutman CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| VICTOR TREATMENT CENTERS, INC., | C075103 |
| Plaintiff and Respondent, | (Super. Ct. No. 175489) |
| v. | |
| KRISTINA TROUTMAN, | |
| Defendant and Appellant. | |

After the Labor Commissioner entered an award against plaintiff Victor Treatment Centers, Inc. (VTC) and in favor of defendant Kristina Troutman for $38,741.30 in wages, liquidated damages, and interest, VTC sought a trial de novo in the superior court. After a court trial, the superior court entered judgment in favor of VTC, from which Troutman appeals.

On appeal, Troutman makes contentions that require a review of the entire record, including the testimony presented at trial.  However, she has provided no reporter's

1

transcript, agreed statement, or settled statement for us to review the testimony from trial. This procedural failing is fatal to Troutman's contentions on appeal. Without a proper record to review the judgment, we must presume the judgment was correct. We therefore affirm the judgment.

## BACKGROUND

VTC runs residential treatment homes for emotionally disturbed children and young adults. Troutman was employed by VTC as a residential services supervisor responsible for managing one of the VTC homes.

In 2012, Troutman filed a complaint with the Labor Commissioner's Office, alleging that her employer, VTC, improperly treated her as an exempt employee not entitled to overtime pay. After a hearing, the Labor Commissioner found that Troutman was nonexempt and thus entitled to overtime pay because Troutman "spent a majority of her time (more than 50 percent) engaged in duties of manual work or direct care." The Labor Commissioner awarded Troutman $28,519.47 in wages, $8,741.60 in liquidated damages under the Labor Code, and $1,480.23 in interest.[1]

VTC filed a notice of appeal de novo in the superior court. Over the course of several days, the superior court conducted a trial without a jury during which the parties provided documentary and testimonial evidence. After trial, neither party requested a statement of decision, so the trial court entered judgment. It concluded that Troutman's position at VTC as a residential services supervisor was exempt from overtime pay. The court therefore vacated the Labor Commissioner's award and entered judgment in favor of VTC.

---

[1] Because Troutman does not provide an adequate record for us to review the superior court judgment, we need not discuss the law regarding exempt and nonexempt employees.

2

Troutman filed a notice of appeal from the superior court's judgment. In her notice designating the record on appeal, Troutman checked the box indicating that she elected to proceed "WITHOUT a record of the oral proceedings in the superior court. I understand that without a record of the oral proceedings in the superior court, the Court of Appeal will not be able to consider what was said during those proceedings in determining whether an error was made in the superior court proceedings."

DISCUSSION

In her opening brief, Troutman contends that, based on the evidence at trial, the superior court committed error when it found in favor of VTC. In support, she claims the superior court misapplied the burden of proof, misinterpreted the law, and based its conclusion on insubstantial evidence. She also claims that, if she prevails, she is entitled to an award of attorney fees. Each of these contentions requires us to consider the evidence presented at trial. For example, even if we assume for the purpose of argument that Troutman is correct that the superior court misapplied the burden of proof or misinterpreted the law, we must determine whether those asserted errors were prejudicial, and that requires us to consider the entire record of the trial.

"No judgment shall be set aside, or new trial granted, in any cause, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, *including the evidence*, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Cal. Const., art. VI, § 13, italics added.)

"It is axiomatic in appellate review that a judgment of a lower court is presumed correct. [Citations.] This presumption has special significance when, as in the present case, the appeal is based upon the clerk's transcript [or the original superior court file]. 'It is elementary and fundamental that on a clerk's transcript appeal the appellate court must conclusively presume that the evidence is ample to sustain the findings, and that the

3

only questions presented are as to the sufficiency of the pleadings and whether the findings support the judgment.' [Citations.]" (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.)

Even when there is no reporter's transcript because there was no court reporter present at trial, the appellant bears the burden of providing an adequate record for review. To that end, the appellant may seek an agreed or settled statement. (Cal. Rules of Court, rules 8.134 & 8.137.)

"The reviewing court will presume that the record in an appeal includes all matters material to deciding the issues raised. If the appeal proceeds without a reporter's transcript, this presumption applies only if the claimed error appears on the face of the record." (Cal. Rules of Court, rule 8.163.) Troutman argues that the claimed errors appear on the face of the record. However, the necessary prejudice analysis must include a consideration of the evidence at trial. (Cal. Const., art. VI, § 13.) And we cannot make that analysis without a reliable record of the testimonial evidence. Therefore, even if we assume for purpose of argument that the trial court erred, we must presume the evidence at trial rendered any error harmless.

As Troutman acknowledged in her briefing, this case is fact-intensive. In her opening brief, she wrote that "[t]he determination of whether an exemption applies requires a fact-intensive inquiry. [Citations.]" Also in her opening brief, Troutman wrote: "VTC provided no evidence at trial, documentary or otherwise, to prove that [Troutman] (1) was required to supervise the Clinician at her House (Curtis Barwick); (2) *actually* hired or fired any other employee in the VTC organization, or (3) had disciplinary concerns about any employee which resulted in immediate action being taken." (Original italics.) Without a reporter's transcript of the trial, we cannot verify this statement. It is an assertion with no support, in violation of the Rules of Court. (Cal. Rules of Court, rule 8.204(a)(1)(C).) Elsewhere, Troutman claims: "[VTC] provided no evidence that [Troutman] fully met the [requirements to be classified as an exempt

4

employee]." Without a reporter's transcript of the trial, we also cannot verify this statement.

Tellingly, Troutman, in her reply brief on appeal, accuses VTC of misrepresenting trial testimony in its respondent's brief on appeal. She asserts: "This is an outright fabrication of the testimony at trial, and [VTC] has no ability to reference evidence to the Appellate Court to support the same." The last statement, that VTC cannot support its representations about the trial evidence, is true because Troutman has failed to provide an adequate record. If we cannot know what happened at trial, we cannot know what representations about the testimony at trial are true or false. But Troutman tries to lay the blame for the lack of a reporter's transcript on VTC: "[VTC] had an opportunity to arrange for a court reporter to record the trial testimony for use in this appeal, but failed to do so . . . ."

Troutman's assertions concerning the absence of an adequate record on appeal reveal her basic misunderstanding of appellate procedure. Because the superior court's judgment is presumed correct on appeal, the appellant (1) has the burden to overcome that presumption, regardless of who had the burden of proof in the trial court, and (2) has the corollary burden to provide a record sufficient for this court to review the proceedings and conclude that the superior court's judgment must be reversed. That there was no court reporter at the trial does not relieve an appellant of this burden. Indeed, other procedures are available to provide a record to the appellate court when there was no court reporter, such as an agreed or settled statement. Troutman did not pursue those alternatives here. Having failed to do so, she cannot lay the blame of an inadequate record on anyone but herself.

We therefore conclude that Troutman's contentions on appeal are without merit because she has failed to provide an adequate record for review of those contentions.

DISPOSITION

The judgment is affirmed.  VTC is awarded its costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)


                                                                       NICHOLSON     , Acting P. J.


We concur:


       HULL            , J.


       MURRAY       , J.